■ THOMAS ANUNZIATO et al., Appellants, v KAR GRABBER MANUFACTURING Co., INC., Respondent. [748 NYS2d 404] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered July 25, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as asserted causes of action sounding in products liability, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiffs.

The plaintiff Thomas Anunziato (hereinafter the plaintiff) allegedly was injured when one end of an automobile frame-straightening machine fell and struck his foot while it was being installed in his auto body shop. The plaintiff and his wife commenced this action against the defendant manufacturer alleging, inter alia, negligence in the delivery and installation of the machine and causes of action sounding in products liability, including an allegation that a locking mechanism that should have prevented the fall was defectively designed. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We modify.

The Supreme Court properly dismissed so much of the complaint as alleged negligence in the delivery and installation of the machine, as the defendant proffered evidence that those allegations were litigated and determined against the plaintiffs in a prior action and that relitigation of the claims was barred by collateral estoppel (*see Kaufman v Lilly & Co.*, 65 NY2d 449; *Gilberg v Barbieri*, 53 NY2d 285).

However, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the causes of action sounding in products liability. The defendant's contention that those causes of action do not lie as a matter of law because the alleged injuries occurred during the installation process is without merit (*see generally Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532; *Codling v Paglia*, 32 NY2d 330; *Gadayeva v Dan's Supreme Supermarkets*, 286 AD2d 415). Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.